**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1846
_____

IRWIN DELAY,
                                Appellant

v.

DOLLAR ENERGY FUND
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-01037)
Magistrate Judge:  Honorable Patricia L. Dodge (by consent)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 13, 2023

Before: JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: October 20, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Irwin Delay, a blind Black man, applied for a job as a customer service representative at Dollar Energy Fund. In response to a question on the application about previous convictions, he revealed that he had violated a restraining order in 1999. Dollar Energy Fund offered him the job contingent on a criminal background check, among other things. When that criminal background check revealed several other criminal convictions that Delay had not reported, Dollar Energy Fund rescinded the job offer. Delay sued, alleging that Dollar Energy Fund engaged in disparate impact discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and violated Pennsylvania's Criminal History Records Information Act, 18 Pa. Cons. Stat. Ann. § 9101, *et seq.* ("CHRIA").[1] Dollar Energy Fund sought and obtained summary judgment in its favor.[2] Delay appeals.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact

---

[1] Although his complaint could be liberally construed to include a disparate treatment claim, he has disavowed any intent to bring suit on that theory, so we do not consider it. He also does not pursue any claims based on disability in this suit.

[2] The parties proceeded before a Magistrate Judge acting as the District Court with their consent.

exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Upon review, we will affirm.

We agree with the District Court that Dollar Energy Fund was entitled to summary judgment on Delay's disparate-impact claim because Delay did not meet his burden to establish a prima facie case. Title VII guards against employment practices that cause a disparate impact on the basis of race. See 42 U.S.C. § 2000e–2(k)(1)(A)(i); Lewis v. City of Chicago, 560 U.S. 205, 217 (2010); N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue, 665 F.3d 464, 476–77 (3d Cir. 2011). To establish a prima facie case, a plaintiff must show that the "application of a facially neutral standard has caused a significantly discriminatory hiring pattern." N.A.A.C.P., 665 F.3d at 476 (cleaned up). "This prima facie showing requires the plaintiff to prove a significant statistical disparity and to demonstrate that the disparity he complains of is the result of one or more of the employment practices that he is attacking." Id. (cleaned up).

Whether Delay complained of Dollar Energy Fund's failure to conduct an individualized assessment of him or its failure to conduct an individualized assessment of criminal convictions discovered after a criminal background check, he did not show or suggest any statistical disparity as a result of those alleged (or any other) Dollar Energy Fund policies. See Watson v. Fort Worth Bank & Tr., 487 U.S. 977, 994 (1988) ("The plaintiff must begin by identifying the specific employment practice that is challenged."); see also Appellant's Informal Brief at 4. Neither his experience alone nor his general

argument that the consideration of criminal convictions has a disparate racial effect is enough to show that a Dollar Energy Fund practice or policy causes a disparate impact. Without "statistical evidence of a kind and degree sufficient to show that the practice in question has caused the exclusion of applicants for jobs or promotions because of their membership in a protected group," Watson, 487 U.S. at 994, his disparate-impact claim could not proceed.

To the extent that Delay presses his state law claim on appeal,[3] we agree with the District Court that there is no genuine dispute about whether Dollar Energy Fund considered his criminal convictions in a way that violated the CHRIA. See 18 Pa. Cons. Stat. Ann. § 9125 (limiting how an employer may consider an employment applicant's convictions). Instead, the evidence (including that cited by Delay in his opposition to the motion for summary judgment, see ECF Nos. 64-2, 64-3, & 64-4) shows that Dollar Energy Fund revoked his job offer because he did not reveal all his convictions on his application.

We reject Delay's argument that the District Court abused its discretion by (briefly) administratively closing the case when scheduling a hearing (on Delay's

---

[3] In his opening brief, he argues that Dollar Energy Fund's failure to conduct an individualized assessment of criminal convictions discovered during a criminal background check "violates the spirit and letter of the Pennsylvania Fair Chance Hiring policy"), see Appellant's Informal Brief at 4, and insists in his reply brief that he is challenging on appeal the decision on his CHRIA claim.

request) on a motion for sanctions filed by Dollar Energy Fund.[4] See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (committing "matters of docket control" to a district court's discretion).

Lastly, to the extent that Delay argues that the District Court should have held a hearing on the summary judgment motion so that he could present evidence of a prima facie case, we note that he never requested a hearing on that motion and that he had an opportunity to present evidence with his response to that motion. The District Court's ruling on the papers is not inconsistent with Rule 56, which contemplates entry of judgment after consideration of materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations" and the like. Fed. R. Civ. P. 56(a) & (c).

For these reasons, we will affirm the District Court's judgment.

---

[4] Delay does not challenge the ruling on the sanctions motion, so we do not consider it. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief).